**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MONROE CHARLES, SR.,  )
         Petitioner,  )    3:03-CV-0113-LRH-RAM
vs.  )
           )    **ORDER**
CRAIG FARWELL, *et al.*,  )
         Respondents.  )
_____/

On February 24, 2006, the Court entered an Order denying the habeas corpus petition in this case (docket #49). Judgment was entered on the same day (docket #50).

Subsequently, petitioner filed a Motion for Reconsideration of Order Denying Petition and Motion Requesting Rehearing of Petition and an Application for Certificate of Appealability" (docketed as #51, #52 and #53). Respondents have opposed the Motion for Reconsideration and Application for Certificate of Appealability (#56) and petitioner has filed a reply in support of the motion requesting rehearing (#59).

He has also filed the appropriate motion for leave to proceed *in forma pauperis* on appeal (#55). Based on the information that petitioner has submitted with that application, the Court will grant petitioner leave to proceed *in forma pauperis* on appeal. Petitioner will not be required to prepay any portion of the $255 filing fee for his appeal.

The Court will deny petitioner's request for reconsideration and request for rehearing. Petitioner argues for reconsideration because of an alleged misapprehension by this Court of material facts, and established law of the United States. He again argues that he was absent from a portion of his own trial due to circumstances beyond his control. Petitioner brings nothing new to the discussion

of the merits of his claims. The Court carefully reviewed the record and the evidence presented through post-conviction review. Petitioner has not sufficiently demonstrated that the state court's rulings were in error under the standards enunciated within 28 U.S.C. § 2254(d) and this Court will not revisit the petition.

However, his application for a certificate of appealability will be granted as to ground 1 of the petition; his claim that he was denied his right to confront the witnesses against him as guaranteed by the Sixth Amendment to the Constitution of the United States. The standard for the issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The petitioner has shown that ground 1 of his petition raises a constitutional question that would be debatable among jurists of reason. Petitioner presented evidence that he was hospitalized during the time his trial continued without him. His ability to return to court more quickly or to contact counsel to advise him of his whereabouts is questionable.

The certificate of appealability should be granted as to ground 1 only. As it appears that petitioner does not seek a certificate of appealability on his other claims, such will be denied.

**IT IS THEREFORE ORDERED** that petitioner's Application to Proceed *in Forma Pauperis* on appeal (docket #55) is **GRANTED**. Petitioner shall not be required to make any prepayment of the filing fee for his appeal.

**IT IS FURTHER ORDERED** that petitioner's request for reconsideration (docket #51) and his request for rehearing (#52) are **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's application for certificate of appealability (docket #53) is **GRANTED AS TO GROUND 1.**

Dated this 23rd day of April, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE